David Anaise MD JD
1001 W San Martin Dr.
Tucson, AZ 85704
Phone: 520-219-7321
Arizona State Bar No. 019653
Email: anaisedavid.office@gmail.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myron W. Donnelly ) | Case No.:_____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | COMPLAINT |
| State of Arizona ) | |
| and ) | |
| Hartford Life and Accident Insurance ) | |
| ) | |
| Defendants. ) | |
| _____) | |

For his claim against Defendants, Plaintiff, Mr. Myron Donnelly alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq.

2. Plaintiff, Mr. Myron Donnelly ("Mr. Donnelly"), is a resident of Cochise County, Arizona and a former employee of State of Arizona ("employer" or "State of Arizona").

3. Defendant, State of Arizona is the policyholder, plan sponsor and plan administrator of the employee welfare benefit plan providing disability benefits.

4. Defendant, Hartford Life and Accident Insurance ("HARTFORD"), has been acting as the claim administrator for the relevant policy of insurance.

5. Defendant, HARTFORD, is the underwriter for the relevant policy of insurance.

6. State of Arizona Long-Term Disability Plan ("the Plan") is a purported ERISA benefit

plan established and maintained by Policyholder for the benefit of its employees.  The Plan offered various health and welfare benefits including long-term disability benefits.

7.  The Plan is part of a purported ERISA employee welfare plan, established, funded, and maintained by employer and administered by STATE OF ARIZONA, and HARTFORD.

8.  HARTFORD is a Plan Fiduciary as defined by ERISA.

9.  This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. §1132, and because the Plan and HARTFORD have caused events to occur in Arizona out of which Mr. Donnelly claims arise.

10. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §1132(a), (e), 28 U.S.C. §1331 (federal question); and 28 U.S.C. §2201-02 (declaratory judgments).

11. Venue is proper in this District by virtue of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

12. Employer provided certain employees with long-term disability insurance pursuant to the Plan.

13. At all relevant times, Mr. Donnelly was a STATE OF ARIZONA employee, became a covered individual under the Plan, and remained continuously employed.

14. Mr. Donnelly qualified for the Long Term Disability Benefits under the Plan.

15. Under the terms of the Plan, HARTFORD promises and becomes obligated to pay covered long-term disability insurance benefits to Mr. Donnelly for 24 months if, due to sickness or injury, he is limited from performing the material and substantial duties of his regular occupation, and if he has 20% or more loss in his indexed monthly earnings due

to the same sickness or injury.

16. After 24 months, the Plan promises and becomes obligated to pay covered Long-Term Disability benefits to Mr. Donnelly if, due to the same sickness or injury, he is unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training or experience, and that has an earnings potential greater than the lesser of 1) the product of His Indexed Pre-disability Earnings and the Benefit Percentage, or 2) the Maximum Monthly Benefit.

17. Prior to becoming disabled, Mr. Donnelly was a correction officer.

18. On 10/6/09 Mr. Donnelly became disabled and was unable to perform the duties of his occupation as a correction officer.  HARTFORD approved Mr. Donnelly's application for Long-Term Disability Insurance Benefits on 10/6/09.

19. Mr. Donnelly suffers from severe Post Herpatic Neuralgia, which prevents him from being able to perform the material and substantial duties of his regular occupation, or any occupation for which he is suited based upon his education, training, or experience.

20. Mr. Donnelly continues to be totally disabled as defined by the Plan.

21. HARTFORD terminated Mr. Donnelly's long-term disability benefits on or about 12/31/15.

22. The contract between Defendants and Mr. Donnelly requires Defendants to pay Mr. Donnelly disability benefits if he is unable to do his job as a correction officer, or any job that has an earnings potential greater than the lesser of 1) the product of His Indexed Pre-disability Earnings and the Benefit Percentage, or 2) the Maximum Monthly Benefit.

23. HARTFORD's denial was erroneous, contrary to and in breach of the terms of coverage, and was based on erroneous information and false assumptions.  The denial was based

upon an incomplete, biased record, directed, and steered by HARTFORD's own claims process, without basis in objective research, fact, or analysis.  HARTFORD placed its financial interests ahead of Mr. Donnelly's interests.

24. Mr. Donnelly has satisfied all of the jurisdictional prerequisites to filing a claim in Federal Court.

25. On information and belief, Mr. Donnelly may be entitled to additional benefits from STATE OF ARIZONA as a disabled employee including, but not limited to, health insurance, life insurance, and retirement/pension credits.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

26. Mr. Donnelly incorporates and re-alleges all previous allegations.

27. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 5 U.S.C. § 1002. Defendants are administrators and fiduciaries of said Plan under the provisions of ERISA.

28. HARTFORD and the Plan offer long-term disability coverage and a promise to provide long term disability benefits until Mr. Donnelly is no longer disabled under the terms of the Plan.

29. Mr. Donnelly became disabled on 10/6/09, continues to be disabled, is unable to perform the duties of his occupation or any gainful occupation under the terms of the LTD Plan, and has claimed the benefits under the LTD Plan to which he is entitled.

30. Mr. Donnelly reasonably expected that his conditions met the requirements of Total Disability as defined by the LTD Plan.

31. Despite the coverage of Mr. Donnelly's long-term disability, HARTFORD has

improperly denied long-term disability benefits to Mr. Donnelly in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

32. HARTFORD's determination that Mr. Donnelly was not entitled to benefits was influenced by an improper conflict of interest.

33. Mr. Donnelly has exhausted his administrative remedies.

34. Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C.§ 1132(a)(I)(B), and to applicable federal and state common law, Mr. Donnelly is entitled to recover all benefits due under the terms of the LTD Plan, and to enforce his rights under the terms of the LTD Plan. Mr. Donnelly is further entitled, under the terms of ERISA, 29 U.S.C. § I 132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the LTD Plan.

35. Mr. Donnelly is entitled to reinstatement of any of his employee benefits, which were terminated, discontinued, or suspended as a result of the termination of his disability benefits.

36. Pursuant to 29 U.S.C. § 1132(g), Mr. Donnelly is entitled to recover his attorney's fees and costs incurred herein from HARTFORD, STATE OF ARIZONA, and the LTD Plan.

37. Mr. Donnelly is entitled to prejudgment interest on the benefits to which he is entitled, and on his damages at the highest legal rate until paid.

WHEREFORE, Mr. Donnelly prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due Mr. Donnelly under the terms of the LTD Plan;

B. Enforcing Mr. Donnelly's rights under the terms of the LTD Plan;

C.  Clarifying and determining Mr. Donnelly's rights to future benefits under the terms of the LTD Plan;

D.  For an award of Mr. Donnelly's attorney's fees and costs incurred herein;

E.  For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F.  For such, other and further relief as the Court deems just and reasonable.

WHEREFORE Plaintiff, Mr. Donnelly, prays for relief from Defendants for the payment of disability benefits, plus attorney's fees and costs and any other such further relief, as the Court deems proper.

RESPECTFULLY SUBMITTED July 18, 2017.

By ____s/DAnaise_____

David Anaise, M.D., J.D.
Attorney for Plaintiff